**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 06-4439**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK CHARLES THORPE,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry F. Floyd, District Judge. (6:05-cr-00707)

───────────

Submitted:  September 11, 2007    Decided:  September 13, 2007

───────────

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Scott D. Robinson, Pickens, South Carolina, for Appellant.  Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Charles Thorpe appeals his conviction and sentence following a guilty plea to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A) (2000). Thorpe's attorney on appeal has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but questioning whether Thorpe's sentence was reasonable. Thorpe was advised of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

Counsel questions the reasonableness of Thorpe's sentence. After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines, but still must calculate and consider the guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id.

In the presentence report, Thorpe's base offense level was determined to be 32. U.S. Sentencing Guidelines Manual ("USSG"), § 2D1.1(c)(4) (2005). However, because Thorpe was determined to be a career offender under USSG § 4B1.1, his offense level was enhanced to 37. After he received a three-level adjustment for acceptance of responsibility, Thorpe had a total

offense level of 34. With an offense level of 34 and career offender criminal history category VI, his advisory guidelines range was 262 to 327 months' imprisonment. There were no objections to the presentence report. The Government filed a motion for downward departure under USSG § 5K1.1, based on substantial assistance. The district court granted the motion, departed below the advisory guidelines range, and sentenced Thorpe to 180 months in prison, which was within the statutorily prescribed range of ten years to life imprisonment. The district court appropriately treated the guidelines as advisory, considered the guideline range and the Government's § 5K1.1 motion for downward departure, and weighed the relevant factors under 18 U.S.C. § 3553(a) (2000) in imposing Thorpe's sentence. We therefore find Thorpe's sentence is reasonable and within the statutorily prescribed range.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Thorpe's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED